**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HELEN ROBINSON,

                Plaintiff,

vs.                                                                             Case No. 3:14-cv-504-J-34JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

### I. Status

Helen Robinson ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is as result of "[b]ack injury on the job," "[b]ack [i]njury," "[d]epression," "[c]hronic [p]ain," and "[n]erverous [sic.]" Transcript of Administrative Proceedings (Doc. No. 17; "Tr." or "administrative transcript"), filed September 9, 2014, at 176. On March 15, 2011, Plaintiff filed an application for DIB, alleging an onset disability date of March 1, 2011. Tr. at 145-46. Plaintiff later amended her alleged onset disability date to August 21, 2010. Tr. at 38, 150. Plaintiff's application was denied initially, see Tr. at 76, 89-94, and was denied upon reconsideration, see Tr. at 88, 99-104.

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file timely objections waives a party's right to de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a); see also Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).

On August 21, 2012, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. Tr. at 35-67.  The ALJ issued a Decision on September 26, 2012, finding Plaintiff not disabled through the date of the Decision.  Tr. at 20-30.

After the ALJ's Decision was issued, the Appeals Council received from Plaintiff, and incorporated into the administrative transcript, some additional evidence in the form of some medical records and a brief from Plaintiff's representative, itself containing a number of medical records as well.  Tr. at 4-5; see Tr. at 257-309 (brief with attached medical records), 685-744 (independent medical records).  On February 28, 2014, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner.  On April 29, 2014, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff advances two arguments on appeal.  See Plaintiff's Initial Brief (Doc. No. 19; "Pl.'s Br."), filed November 5, 2014, at 17-24.  First, Plaintiff argues the Appeals Council erred in denying review in light of the additional evidence that was submitted to it.  Pl.'s Br. at 17-19.  Second, Plaintiff contends the ALJ erred in discounting the opinion of Gregory C. Keller, M.D., Plaintiff's treating orthopaedist.  Id. at 19-24.  On January 9, 2015, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") responding to Plaintiff's arguments.  After a thorough review of the entire record and consideration of the parties' respective filings, the undersigned recommends that the

Commissioner's final decision be affirmed for the reasons stated in this Report and Recommendation.

## **II. The ALJ's Decision**

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 22-30. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 21, 2010, the alleged onset date." Tr. at 22 (emphasis and citation omitted). At step two, the ALJ found that "[Plaintiff] has the following severe impairments: degenerative disc disease of the lumbar spine with radiculopathy and depressive disorder not otherwise specified." Tr. at 22 (emphasis and citation omitted). At step three, the ALJ ascertained that "[Plaintiff] does not have an impairment or combination of impairments that meets or

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

-3-

medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 23 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except [Plaintiff] requires a 30-minute sit/stand option. [Plaintiff] is limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling. [Plaintiff] should not have concentrated exposure to vibrations. [Plaintiff] is limited to performing simple, routine, repetitive tasks. [Plaintiff] would relate adequately to coworkers, the general public, and supervisors; however, she requires that changes in the workplace be infrequent and gradually introduced.

Tr. at 24 (emphasis omitted). At step four, the ALJ found that "[Plaintiff] is unable to perform any past relevant work" as a "Certified Nurse Assistant[.]" Tr. at 28 (some emphasis omitted). At step five, after considering Plaintiff's age ("45 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 28 (emphasis and citations omitted), including "Office Helper," "Ticket Seller," and "Stock Checker, Apparel[.]" Tr. at 29. The ALJ concluded that Plaintiff "has not been under a disability . . . from August 21, 2010, through the date of th[e D]ecision." Tr. at 30 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320,

1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

As summarized above, Plaintiff challenges the Appeals Council's denial of review and the ALJ's discounting of Dr. Keller's opinions.[3]  For ease of discussion, the undersigned addresses the issues in reverse order.

### A. Dr. Keller's Opinions

Plaintiff contends that the ALJ did not articulate with the requisite specificity his reasons for discounting Dr. Keller's opinions. See Pl.'s Br. at 24.  Additionally, Plaintiff

---

[3] As explained below, Dr. Keller's opinion is actually multiple opinions on various forms, so the undersigned refers to "opinions" when discussing Dr. Keller.

contends that the reasons given by the ALJ for discounting the opinions are not supported by substantial evidence in the record. See id. at 19-24.

The Regulations instruct ALJs how to properly weigh the medical opinion[4] of a treating physician.[5] See 20 C.F.R. § 404.1527(c). Because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id. When a treating physician's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering factors such as the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician. Id.

If an ALJ concludes the medical opinion of a treating physician should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence

---

[4] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

[5] A treating physician is a physician who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's own medical records.  Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence).

An ALJ is required to consider every medical opinion.  See 20 C.F.R. §§ 404.1527(c), 416.927(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive").  While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham, 660 F.2d at 1084 (citation omitted), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440.  "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'"  Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).  "[W]hen the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,'" the decision will not be affirmed "'simply because some rationale might have supported the ALJ's conclusion.'"  Id. (quoting Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam)).

Dr. Keller is Plaintiff's treating orthopaedist at the Jacksonville Orthopaedic Institute. His treatment focused on Plaintiff's back problems.  See, e.g., Tr. at 54-55, 310-36, 380-416,

494-567. Plaintiff hurt her back on about August 21, 2010, the alleged onset date, when she had an incident at work with a patient that caused her to have back pain. Tr. at 52, 310. As a result of the incident, Plaintiff filed a workers' compensation claim. The opinions at issue are set forth in multiple forms that Dr. Keller filled out in connection with Plaintiff's workers' compensation claim, and one form that Dr. Keller filled out in connection with the Family and Medical Leave Act ("FMLA"). The opinions contained in all of the workers' compensation claim forms are rather conclusory. The form filled out in connection with the FMLA contains a little more detail. On the various forms, when asked to opine regarding Plaintiff's various functional limitations and restrictions, Dr. Keller simply wrote as follows:

- Form dated March 24, 2011: "no change" from some unspecified previous report, Tr. at 400;

- Form dated March 25, 2011: Dr. Keller checked the box for "Temporary Total Disability" and wrote, "Patient to remain out of work through 4/8/11," Tr. at 397 (some emphasis omitted);

- Form dated April 7, 2011: Dr. Keller checked the box for "Temporary Total Disability" and wrote, "Patient to remain out of work until after follow up visit on 4/14/11," Tr. at 393 (some emphasis omitted);

- Form dated April 14, 2011: "Sedentary as of 4 14 11," Tr. at 392;

- Form dated May 18, 2011: "TTD as of 5/16[/2011]," Tr. at 388, 414 (duplicate);

- Form dated May 31, 2011: "TTD," Tr. at 492;

- Form dated July 7, 2011: Plaintiff could not perform work even at a sedentary level as of July 7, 2011, Tr. at 482;

- Form dated July 19, 2011: "no D," Tr. at 476;

- Form dated July 20, 2011 (for FMLA): when asked to opine on the probable duration of condition, Dr. Keller wrote, "8/1/12 - approx. date pending progress"; Dr. Keller opined Plaintiff was unable to perform any

of her job functions due to her condition; Plaintiff would be incapacitated from "5/16/11 - 10/8/11"; the condition would cause periodic flare-ups preventing Plaintiff from performing her job; Plaintiff could be expected to be incapacitated 1-2 times per 2-3 months for a duration of 8 hours or 1 day; and Plaintiff may need surgery in the near future, Tr. at 471-474, 564-67 (duplicate);

- Form dated September 27, 2011: "Same," Tr. at 548;

- Form dated January 12, 2012: "no change TTD as of DOS," Tr. at 510.

The ALJ acknowledged Dr. Keller's opinions, Tr. at 26, and assigned them "little weight," Tr. at 27, reasoning as follows:

> As for the opinion evidence, the undersigned has considered the medical opinion of Dr. Keller of the Jacksonville Orthopaedic Institute. However, determinations of disability are not within the competence of physicians whose conceptions of what constitutes disability are highly varied and generally do not coincide with the statutes, regulations, and rulings which govern decisions as to disability by the Social Security Administration. There is an additional concern that the doctor relied too heavily on [Plaintiff's] subjective report of her symptoms and limitations, uncritically accepting as true most, if not all, of what [Plaintiff] reported. However, the medical evidence of record does not contain the type of significant clinical and laboratory abnormalities one would expect if [Plaintiff] were in fact disabled. For example, laboratory tests indicate that [Plaintiff] has mild degenerative disc disease with no spinal stenosis or disc herniation. Radiographs in July 2011 showed mild degenerative changes of the left hip, but nothing severe. The objective tests do not evidence a disabling impairment. Therefore, the undersigned has accorded little weight to the doctor's opinion.

Tr. at 27 (citations omitted).

The ALJ articulated with the requisite specificity reasons for discrediting Dr. Keller's opinions, and those reasons are supported by substantial evidence. To the extent that Dr. Keller opined on the ultimate question of disability (or temporary disability), the ALJ was not required to give controlling weight to such portions of the opinions because the ultimate question of disability is an issue reserved to the Commissioner. See 20 C.F.R. §

404.1527(d)(1), (2). The conclusory nature of most of the opinions also supports the ALJ's finding that they deserve little weight. See, e.g., Miles v. Soc. Sec. Admin. Comm'r, 469 F. App'x 743, 745 (11th Cir. 2012) (citation omitted) (upholding an ALJ's decision to discount treating physicians' opinions because "they were without any explanation or basis in clinical findings, and were contradicted by the other record evidence"). The administrative transcript supports the ALJ's finding that Dr. Keller relied on Plaintiff's subjective complaints regarding the effects of her pain.[6] See generally Tr. at 54-55, 380-416, 494-567. Finally, the medical evidence of record to which the ALJ cited to show that Plaintiff's impairments were not disabling supports the ALJ's conclusion in this regard. See Tr. at 27 (citing Tr. at 480, 523, 597).

The undersigned recognizes that in addition to taking pain medication, Plaintiff underwent one surgery (an electrothermal annuloplasty procedure), see Tr. at 381, 403 (duplicate), 404-05, 450, and epidural injections, Tr. at 319, 365, 540, to alleviate the pain. The undersigned also acknowledges that on October 3, 2011, Dr. Keller recommended an additional surgery,[7] Tr. at 534 (that was scheduled for early 2012, but for whatever reason,

---

[6] There is objective evidence, such as MRIs, that demonstrates Plaintiff indeed has various back issues, including bulging discs and degenerative changes. Tr. at 526, 723, 603. The effects of those issues, however, are largely self-reported by Plaintiff. The ALJ found Plaintiff incredible to the extent her testimony regarding her pain is inconsistent with the assigned RFC. Tr. at 25. Plaintiff does not challenge that finding on appeal.

[7] Notwithstanding the recommendation for an additional surgery, on December 13, 2011, Dr. Keller indicated the following:

> Although [Plaintiff is] a candidate for a fusion at this level, she understands my reluctance to do so given the fairly mild degenerative changes noted on MRI. Nevertheless, this is the level on which we have worked before with both IDET and intradiscal injections of steroid, both of which have helped at least temporarily. Therefore, I have little doubt that is the source of her pain and her only recourse at this juncture would be a fusion or an artificial disc replacement.

Tr. at 513.

Plaintiff never underwent,[8] Tr. at 55-56). The ALJ, too, recounted the various measures that Plaintiff took to alleviate her pain, Tr. at 25-27, and recognized that she "may experience pain and discomfort," Tr. at 28. The ALJ ultimately found, however, that Plaintiff "does not have the type of impairment that would prevent her from performing light work activities with the additional restrictions [detailed in the RFC finding]." Tr. at 28. The ALJ's findings are supported by substantial evidence in the record and need not be disturbed.

In short, the ALJ properly discounted Dr. Keller's opinions regarding the effects of Plaintiff's impairments. See Phillips, 357 F.3d at 1240-41.

## B. Appeals Council's Denial of Review

Plaintiff next contends that the Appeals Council erred in denying review in light of a "new and material" MRI dated January 11, 2012. Pl.'s Br. at 17 (emphasis omitted). In arguing that the Appeals Council erred, Plaintiff focuses on the "perfunctory denial of review of the new and material evidence[.]" Id. at 19. According to Plaintiff:

> [T]he [Appeals Council] gave no indication that it had reviewed (or considered) the new and material evidence from Dr. Kersey . . . containing the January MRI. Rather, the [Appeals Council] merely listed this evidence as an exhibit without further comment. It is unknown if the [Appeals Council] was even aware of the January MRI . . . as such awareness would have required at least a page-by-page review of the new evidence.

---

[8] The parties do not agree on the reason that Plaintiff did not undergo the surgery. Plaintiff contends that although the workers' compensation carrier had approved the surgery, her workers' compensation claim was settled prior to the procedure, and she was unable to afford the surgery after the settlement. Tr. at 55-56; see also Tr. at 502. Defendant, on the other hand, argues that "the record belies Plaintiff's contention she did not have the surgery for financial reasons, and undercuts her disability claim as a whole." Def.'s Mem. at 8. Whatever the reason, the fact is Plaintiff never had the second surgery.

Id. at 18-19 (citing Tr. at 1-5). Defendant responds that the Appeals Council is not required to state its reasons for denying review, see Def.'s Mem. at 5-6, and that "the new evidence submitted to the Appeals Council does not require remand," id. at 6.

The Appeals Council accepted the January 11, 2012 MRI (and other) evidence into the record. Tr. at 4; see Tr. at 723 (January 2012 MRI). There is no real dispute that the January 2012 MRI relates to the relevant time period, as the ALJ decided the case through September 26, 2012.[9] Tr. at 30. Nevertheless, the Appeals Council declined review, stating as follows:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We considered whether the [ALJ]'s action, findings, or conclusion is contrary to the weight of evidence in the record. We found that this information does not provide a basis for changing the [ALJ]'s decision.

Tr. at 2.

When the Appeals Council is presented with evidence that was not presented to the ALJ, the Appeals Council is required to consider the evidence if it is "new, material, and chronologically relevant[.]" Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.970(b)). Further, the Appeals Council "must review the case if 'the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" Id. (quoting 20 C.F.R. § 404.970(b)). In the event the Appeals Council considers new evidence but denies review, the Appeals Council is not required to articulate its reasons for denying review. See Parks v. Comm'r, Soc. Sec.

---

[9] It is not clear why this evidence did not make its way into the record until after the ALJ issued his Decision, despite it being dated about eight months prior to the ALJ's Decision.

Admin., 783 F.3d 847, 852-53 (11th Cir. 2015) (citation omitted) (when "[t]he Appeals Council stated that it considered the new evidence . . . and . . . added the evidence to the record," finding that "[t]he Appeals Council was not required to do more"); Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 785 (11th Cir. 2014).

If a claimant challenges the Appeals Council's denial, a reviewing court must determine whether the new evidence renders the denial of benefits erroneous. See Mitchell, 771 F.3d at 784-85 (citing Ingram, 496 F.3d at 1262); see also Levie v. Comm'r of Soc. Sec., 514 F. App'x 829, 832-33 (11th Cir. 2013) (citation omitted); Kalishek v. Comm'r of Soc. Sec., 470 F. App'x 868, 869 (11th Cir. 2012) (citation omitted); Coleman v. Comm'r of Soc. Sec., 454 F. App'x 751, 754 (11th Cir. 2011) (citation omitted) (noting that "[t]he Appeals Council may deny review if the new evidence does not show the ALJ's decision to be erroneous"). In other words, to obtain a remand from a federal district court under sentence four of 42 U.S.C. § 405(g), "[a] claimant must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 902 (11th Cir. 2013) (citing Ingram, 496 F.3d at 1266-67); see also Mitchell, 771 F.3d at 785 (citations omitted) (finding that "[t]he additional evidence was either cumulative of evidence before the ALJ or was not chronologically relevant, and none of it undermined the substantial evidence supporting the ALJ's decision").

Here, Plaintiff's main contention is that the Appeals Council erred because it did not articulate reasons for denying review. Plaintiff's argument, however, is foreclosed by Mitchell and Parks, supra. The analysis could arguably stop there because it appears the

gist of Plaintiff's argument is the Appeals Council's lack of reasons for denying review. See Parks, 783 F.3d at 853 (recognizing the plaintiff "challenge[d] only the failure of the Appeals Council to make detailed findings of fact," and concluding that "[b]ecause the Appeals Council is not required to make detailed findings, we need examine its decision no further"). The undersigned, however, has reviewed the additional evidence of the January 2012 MRI and concludes that it does not render the denial of benefits erroneous. See, e.g., Mitchell, 771 F.3d at 784-85 (citing Ingram, 496 F.3d at 1262).

Defendant argues that the January 2012 MRI "is merely duplicative of the November 2011 MRI report, which the ALJ specifically evaluated in his decision." Def.'s Mem. at 7 (citing Tr. at 26, 604). The undersigned agrees to the extent that when the January 2012 MRI is viewed in conjunction with the other evidence, including earlier MRIs, in the administrative transcript, the decision to deny benefits remains supported by substantial evidence. Compare Tr. at 723 (January 2012 MRI), with Tr. at 603-05 (September 23, 2010 MRI), and Tr. at 526 (Dr. Keller's notes summarizing a February 2011 MRI). Accordingly, there is no need to remand the case for further consideration of this additional evidence.

### V.  Conclusion

Upon due consideration, it is

**RECOMMENDED**:

1. That the Clerk of Court be directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision; and

    2.      That the Clerk be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on June 11, 2015.

                                              */s/ James R. Klindt*
                                              JAMES R. KLINDT
                                              United States Magistrate Judge

kaw
Copies to:

Hon. Marcia Morales Howard
United States District Judge

Counsel of record